**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **LESLIE WELLER**, | ) |
| | ) Case No. 1:17-cv-08799 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Hon. John Robert Blakey |
| **GILLIAN FLYNN, PENGUIN RANDOM HOUSE LLC d/b/a CROWN PUBLISHING GROUP, ARNON MILCHAN, REGENCY ENTERPRISES, INC., BRUNA PAPANDREA, LAURA JEANNE REESE WITHERSPOON, CEÁN CHAFFIN, TSG ENTERTAINMENT FINANCE LLC, JOSHUA DONEN, LESLIE DIXON, ARTEMPLE-HOLLYWOOD LLC, NEW REGENCY PRODUCTIONS, INC., TWENTIETH CENTURY FOX FILM CORPORATION, AND DAVID FINCHER**, | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOSHUA DONEN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................................1

ARGUMENT ............................................................................................................................2

I.     DONEN IS NOT SUBJECT TO GENERAL JURISDICTION IN ILLINOIS....................4

II.    DONEN IS NOT SUBJECT TO SPECIFIC JURISDICTION IN ILLINOIS. ...................4

        A.    Donen Has Not Purposefully Directed His Activities at Illinois or Purposefully Availed Himself of the Privilege of Conducting Business in Illinois. ...............................................................................................................5

        B.    Plaintiff's Alleged Injury Does Not Arise Out of Donen's Activities in Illinois. ...............................................................................................................7

        C.    The Court's Exercise of Personal Jurisdiction Would Not Comport with Fair Play and Substantial Justice...........................................................................8

CONCLUSION..........................................................................................................................9

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
    751 F.3d 796 (7th Cir. 2014) ...................................................................................3, 9

*Am. Bridal & Prom Indus. Ass'n, Inc. v. P'ships & Unincorporated Ass'ns
    Identified on Schedule A*,
    192 F. Supp. 3d 924 (N.D. Ill. 2016) .........................................................................3, 5

*Bristol-Meyers Squibb Co. v. Superior Court*,
    137 S. Ct. 1773 (2017) ..................................................................................................4

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ........................................................................................3, 5, 8, 9

*Close v. New Line Cinema Corp.*,
    No. 94 CV 7109, 1994 WL 761025 (N.D. Ohio Sept. 12, 1994) .................................7

*Colo'n v. Akil*,
    449 F. App'x 511 (7th Cir. 2011) .................................................................................6

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2016) ................................................................................................3, 4

*ESCO Corp. v. Cashman Equip. Co.*,
    65 F. Supp. 3d 626 (C.D. Ill. 2014) ..............................................................................4

*Horizon Comics Prod. v. Marvel Entm't, LLC*,
    No. 15-11684, 2016 WL 526145 (D. Mass. Feb. 9, 2016) ..........................................8

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) .....................................................................................................3

*Levi v. Twentieth Century Fox Film Corp.*,
    No. 16-cv-129, 2017 WL 1227933 (E.D. Va. Mar. 30, 2017) .....................................7

*Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston
    Metroplex, P.A.*,
    623 F.3d 440 (7th Cir. 2010) ....................................................................................3, 7

*N. Grain Mktg., LLC v. Greving*,
    743 F.3d 487 (7th Cir. 2014) ........................................................................................5

*Palnik v. Westlake Entm't Inc.*,
    344 F. App'x 249 (6th Cir. 2009) .................................................................................8

*Rush v. Savchuk*,
    444 U.S. 320 (1980) ............................................................................................................4

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) ................................................................................................. 4-5, 8

*Wiggen v. Wiggen*,
    2011 IL App (2d) 100982 ...................................................................................................3

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure Rule 12 ..........................................................................................1

Plaintiff Leslie Weller improperly attempts to subject Joshua Donen—a resident of California with absolutely no contacts in Illinois—to jurisdiction in federal court in Illinois. As one of many producers of the film *Gone Girl*—the film that Plaintiff alleges infringes upon her work—Donen has not had any contact with Illinois in connection with the activities that are alleged to form the basis of the Plaintiff's claim of vicarious copyright infringement as to Donen. Plaintiff is not from Illinois. Nor is Donen from Illinois. And Donen's role in the alleged copyright infringement took place entirely in California. As explained below, and as confirmed by the allegations in the complaint and the concurrently-filed declaration, Donen does not have *any contacts* with Illinois, let alone sufficient contacts with Illinois to support the exercise of personal jurisdiction. Because there is no basis for this Court to exercise jurisdiction over Donen, he respectfully requests that the Court dismiss the claim against him for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1]

## BACKGROUND

This copyright infringement suit concerns the best-selling novel *Gone Girl*, published in 2012 and later adapted into the critically-acclaimed film that was released in 2014. (Dkt. 1, Compl. ¶ 1.) Plaintiff, a resident of Nevada (*id.* ¶ 4), sued the author of the book and screenplay, a resident of Illinois, and Twentieth Century Fox Film Corporation ("Fox"), the movie studio that produced and distributed the film in the United States. (*Id.* ¶¶ 5, 15.) But, in an apparent attempt to gain leverage, Plaintiff also sued Donen, a California resident, along with several other producers and the film's director who all reside outside of Illinois. (*Id.* ¶¶ 8-11, 13-14, 17-

---

[1] Plaintiff's complaint should also be dismissed with prejudice for failure to state a claim for copyright infringement. Donen reserves his right to seek dismissal of the complaint on these grounds pursuant to Rule 12 of the Federal Rules of Civil Procedure.

1

18.)² In her complaint, Plaintiff alleges that she authored a screenplay, *Out of the Blue*, in 2005 and that the *Gone Girl* novel and film supposedly contain striking and substantial similarities to her screenplay. (*Id.* ¶¶ 19, 44-45, 77.)

As to Donen, Plaintiff alleges that he was one of the producers of the film, but notably, she does not allege that he distributed the film. (*Id.* ¶ 16.) She instead alleges—correctly—that Fox is the distributor of the film. (*Id.* ¶ 15.) Plaintiff seeks to impose vicarious liability on Donen by generically alleging, without any supporting factual allegations, that Donen and the other film defendants "had the right and ability to supervise, control, or stop the infringing conduct . . . as it occurred over the course of the production and distribution" of the film. (*Id.* ¶ 111.) She further alleges that Donen had and continues to have a direct financial interest in the infringing conduct based upon the sales and licensing of the film. (*Id.* ¶ 113.)

Plaintiff does not contend that any of the allegedly infringing conduct by Donen occurred in Illinois, nor does she contend that Donen conducted business in Illinois in connection with the film. And she also does not allege that Donen was involved in any way with the sale or distribution of the film in Illinois or elsewhere. Instead, as to Donen, the complaint merely contends that he resides in California and was one of many producers who worked on the film *Gone Girl*.

## ARGUMENT

Plaintiff's claim against Donen should be dismissed because Donen is not subject to jurisdiction in Illinois. This Court may exercise personal jurisdiction over a non-resident defendant only if an applicable state long-arm statute confers jurisdiction, and the assertion of

---

² Plaintiff also sued a visual effects company that worked on the film, erroneously calling it a producer. (Compl. ¶ 12.)

that jurisdiction is consistent with the demands of the Fourteenth Amendment's due process clause. *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The Illinois "long-arm statute has been held to be coextensive with the due process requirements of the Illinois and United States Constitutions," and therefore, the two-step inquiry collapses into one: whether the exercise of personal jurisdiction over a defendant comports with constitutional due process. *Wiggen v. Wiggen*, 2011 IL App (2d) 100982, ¶ 21. Constitutional due process requires the court to determine whether the defendant has sufficient "minimum contacts" with Illinois such that the maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). "[I]t is unconstitutional to force a defendant to appear in a distant court unless it has done something that should make it 'reasonably anticipate being haled into court there.'" *Mobile Anesthesiologists*, 623 F.3d at 444 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

The law recognizes two types of personal jurisdiction. General jurisdiction requires that the defendant have "affiliations with the [forum] State [that] are so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2016) (internal quotation marks omitted). Specific jurisdiction requires that the plaintiff's claims arise out of the defendant's activities that were purposefully directed at the forum state. *Am. Bridal & Prom Indus. Ass'n, Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016) (Blakey, J.). The plaintiff bears the burden of proving that jurisdiction over a defendant is proper. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799-800 (7th Cir. 2014). In

3

addition, the plaintiff must establish that the due process requirements for jurisdiction are met <u>as to each defendant individually</u>, *Bristol-Meyers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1783 (2017), and it is "not permissible to base personal jurisdiction on the defending parties' aggregate forum contacts." *ESCO Corp. v. Cashman Equip. Co.*, 65 F. Supp. 3d 626, 631 (C.D. Ill. 2014) (citing *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980)).

Here, Plaintiff has not alleged the type of contacts necessary to justify this Court's exercise of either general or specific jurisdiction over Donen. As established in Donen's declaration, he has no contacts with Illinois whatsoever. Moreover, the jurisdictional allegations in the complaint, even if accepted as true, are insufficient as a matter of law to support either type of jurisdiction as to Donen.

## I. DONEN IS NOT SUBJECT TO GENERAL JURISDICTION IN ILLINOIS.

General jurisdiction exists only when the party's affiliations with Illinois "are so constant and pervasive as to render [it] essentially at home" here. *Daimler AG*, 134 S. Ct. at 751 (internal quotation marks omitted). The forum for the exercise of general jurisdiction for an individual is the individual's domicile. *Id.* at 760. General jurisdiction is manifestly lacking as to Donen. Plaintiff has conceded that Donen is a resident of California. (Compl. ¶ 16.) And, as detailed in his declaration, Donen has never lived in Illinois and has not visited the State in over seven years. (Declaration of Joshua Donen ("Donen Decl.") ¶ 2.) Because Donen has no contacts with Illinois, there is no sense in which he could be "at home" there. *Daimler AG*, 134 S. Ct. at 760.

## II. DONEN IS NOT SUBJECT TO SPECIFIC JURISDICTION IN ILLINOIS.

Where a defendant's contacts are insufficient to establish general jurisdiction, a court may consider whether it can exercise "specific" personal jurisdiction with respect to a claim that arises out of or relates to the defendant's contacts with the forum. *Bristol-Meyers Squibb*, 137 S. Ct. at 1780. The inquiry focuses on "the relationship among the defendant, the forum, and the

4

litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (internal quotation marks omitted) (finding no personal jurisdiction where the defendant "never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone" to the forum state). Specific jurisdiction is "case-specific" and exists "where the defendant has 'purposefully directed' its activities at residents of the forum state and where the plaintiff's claim is 'linked to the [defendant's] activities or contacts with' Illinois." *Am. Bridal*, 192 F. Supp. 3d at 931 (quoting *Burger King*, 471 U.S. at 472-73).

The Seventh Circuit has promulgated a three-part test for when a court may exercise specific personal jurisdiction: "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities . . . [and (3)] [t]he exercise of specific jurisdiction must also comport with traditional notions of fair play and substantial justice." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (citations omitted). Plaintiffs must prevail on each prong. *See id.* Here, Plaintiff cannot, as a matter of law, satisfy *any* prong of this test, let alone all three, because the activities from which Plaintiff's claims arise as to Donen—namely, acting as producer of the film *Gone Girl*—occurred entirely in California, not Illinois.

    **A.    Donen Has Not Purposefully Directed His Activities at Illinois or Purposefully Availed Himself of the Privilege of Conducting Business in Illinois.**

Plaintiff alleges that Donen was one of the film's many "producers" and that he "continues to have a direct financial interest" in the film based upon the sales and licensing of it. (Compl. ¶ 113.) But those allegations fall far short of demonstrating that Donen "purposefully availed" himself of the privilege of conducting business in Illinois. Indeed, Donen has not had *any* contacts with Illinois: he does not live in Illinois; he has not visited Illinois in over seven

5

years; and he owns no property there. (Donen Decl. ¶ 2.) Donen has no address or phone number in Illinois and no bank accounts there either. (*Id.*) Donen does not conduct any business in Illinois or have an ownership interest in any business based or incorporated in Illinois. (*Id.*)

Moreover, as set forth in his declaration, Donen's role as a "producer" was limited, and none of his activities as a producer occurred in Illinois. (*Id.* ¶¶ 3, 4.) Donen did not participate in *any* activities relating to the film *Gone Girl* in Illinois. (*Id.* ¶ 4.) Donen never held any meetings in Illinois, nor did he transact any business with anyone in Illinois or enter into any contracts with anyone in Illinois in connection with *Gone Girl*. (*Id.*) Donen also never hired or employed anyone in Illinois. (*Id.*) Donen has never met Plaintiff, and he did not have any contact with her or anyone else in Illinois in connection with his work on the film *Gone Girl*. (*Id.* ¶¶ 4, 8.)

Plaintiff's hollow and conclusory allegations as to Donen's work on the film are entirely insufficient to support the Court's exercise of specific jurisdiction. Merely naming someone as a producer does not subject that person to the jurisdiction of every federal court in each state where the work is exhibited. For example, in *Colo'n v. Akil*, 449 F. App'x 511 (7th Cir. 2011), a television writer living in Indiana filed a copyright action in the Southern District of Indiana, alleging that a television episode produced by the defendants infringed the copyright in her unpublished script. *Id.* at 512. The district court dismissed the suit against five of the defendants for lack of personal jurisdiction; on appeal, the Seventh Circuit affirmed. *Id.* In so doing, the Seventh Circuit reasoned that the plaintiff had failed to show that the defendant producers "intentionally aimed their conduct at [the forum state] because she submitted no evidence that any of the defendants had anything to do with the [forum state's] broadcast" of the allegedly infringing television episode. *Id.* at 514. Similarly, Plaintiff here also cannot make such a

6

showing, as there is no allegation—let alone evidence—that Donen aimed his conduct at Illinois. *See also Levi v. Twentieth Century Fox Film Corp.*, No. 16-cv-129, 2017 WL 1227933, at *4, 6 (E.D. Va. Mar. 30, 2017) (alleging a defendant is a "producer" or "director" of a nationally distributed television series was not enough to show defendants purposefully availed themselves of the privilege of conducting activities in the forum).

Further, allegations that a producer merely profited from a film that was exhibited in a forum are not sufficient to establish the existence of specific personal jurisdiction. *See Close v. New Line Cinema Corp.*, No. 94 CV 7109, 1994 WL 761025, at *1-2 (N.D. Ohio Sept. 12, 1994) (declining to exercise jurisdiction even where plaintiff alleged that the defendants, including a movie producer, "derived substantial revenue from goods used or consumed or services rendered in [the forum state]"). Plaintiff simply cannot establish that Donen purposefully directed his activities at Illinois or purposefully availed himself of the privilege of conducting business in Illinois. *Mobile Anesthesiologists Chi.*, 623 F.3d at 443.

### B.     Plaintiff's Alleged Injury Does Not Arise Out of Donen's Activities in Illinois.

Plaintiff has also not included any facts establishing the alleged injury arose from Donen's forum-related activities in Illinois. Nor could she. Donen did not render any services with respect to the film *Gone Girl* in Illinois. (Donen Decl. ¶ 4.) All of his production work on the film took place in California. (*Id.*) And, as noted above, Donen did not enter into any agreements related to the film in Illinois, and he did not communicate with anyone in Illinois regarding *Gone Girl*. (*Id.*)

Donen also had no role whatsoever with respect to the distribution of the film (*id.* ¶ 6), which Plaintiff concedes. (Compl. ¶¶ 15-16 [alleging Fox, not Donen, distributed *Gone Girl*].) Donen did not have any distribution rights for *Gone Girl*, and he has never overseen or

7

supervised the film's distribution, which was instead handled by Fox.[3] (Donen Decl. ¶ 6; *see also* Compl. ¶¶ 87, 91, 95, 96.) Donen has also never done, requested, or paid for any advertising or marketing of *Gone Girl* in Illinois. (Donen Decl. ¶ 5.)

Courts have repeatedly recognized that producers who do not participate in the distribution of films, like Donen, are not subject to personal jurisdiction. *See, e.g.*, *Horizon Comics Prod. v. Marvel Entm't, LLC*, No. 15-11684, 2016 WL 526145, at *1, 5 (D. Mass. Feb. 9, 2016) (declining to exercise personal jurisdiction over producers and copyright owners who did not participate in the national distribution of a film). In one case, *Palnik v. Westlake Entertainment Inc.*, 344 F. App'x 249 (6th Cir. 2009), the Sixth Circuit affirmed the district court's dismissal of a lawsuit brought by a singer against the producers of a movie that allegedly played two of his copyrighted songs without permission. *Id.* at 253-54. In finding that the district court properly dismissed the suit for lack of personal jurisdiction, the court observed that producers "do[] not necessarily own the distribution rights or control over how distribution is accomplished." *Id.* at 252. Here, Plaintiff has not alleged (nor could she) that her purported injury arose from Donen's contacts with Illinois. *See Walden*, 134 S. Ct. at 1122 (explaining that to support a finding of specific jurisdiction, the relationship between a defendant's suit-related conduct and the forum "must arise out of contacts that the 'defendant *himself*' creates with the forum state" (quoting *Burger King*, 471 U.S. at 475)).

### C. The Court's Exercise of Personal Jurisdiction Would Not Comport with Fair Play and Substantial Justice.

Lastly, finding personal jurisdiction here would not comport with traditional notions of fair play and substantial justice. In assessing this requirement, courts consider various factors,

---

[3] As set forth in his declaration, Donen is not Fox's principal, nor is Fox his agent. (Donen Decl. ¶ 7.)

8

including "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Burger King*, 471 U.S. at 477 (internal quotation marks omitted). Here, each of these factors weighs heavily against this Court's assertion of jurisdiction over Donen. First, Donen lives in Los Angeles and would be burdened by having to travel to Illinois for depositions, hearings, or trial. Second, Plaintiff's interest in obtaining effective relief will remain intact because Fox (the film's distributor) and the author of *Gone Girl* (allegedly an Illinois resident) will presumably not challenge this Court's personal jurisdiction. Third, there is nothing "efficient" about subjecting all of a film's individual producers who reside outside of Illinois to a lawsuit in a foreign state when the movie studio that actually distributed the film is also a named defendant. Fourth, it would offend "traditional notions of fair play and substantial justice" to hale Donen into an Illinois court when there is nothing about his involvement with *Gone Girl* that could have reasonably put him on notice that he could be sued in Illinois. *See Advanced Tactical Ordnance Sys.*, 751 F.3d at 803.

## CONCLUSION

Plaintiff's claim against Donen should be dismissed.

9

Dated:  January 12, 2018 Respectfully submitted,

JOSHUA DONEN

By:     /s/ Ashley M. Schumacher

JENNER & BLOCK LLP
Richard L. Stone (*pro hac vice pending*)
David R. Singer (*pro hac vice pending*)
Andrew G. Sullivan (*pro hac vice pending*)
633 West 5th Street
Suite 3600
Los Angeles, California 90071
Tel: (213) 239-2203
Fax: (213) 239-5199

Ashley M. Schumacher
Laura L. Norris
353 North Clark Street
Chicago, Illinois 60654
Tel: (312) 840-8672
Fax: (312) 840-7776

*Attorneys for Defendant Joshua Donen*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5 and Northern District of Illinois Local Rule 5.5, the undersigned, an attorney of record in this case, hereby certifies that on January 12, 2018, a true and correct copy of **Memorandum of Law in Support of Defendant Joshua Donen's Motion to Dismiss for Lack of Personal Jurisdiction** was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

Dated: January 12, 2018     By:     /s/ Ashley M. Schumacher
                                    Ashley M. Schumacher
                                    JENNER & BLOCK LLP
                                    353 North Clark Street
                                    Chicago, Illinois 60654
                                    Tel: (312) 840-8672

                                    *Attorney for Defendant Joshua Donen*