**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LESLIE WELLER**, | ) | |
| | ) | Case No. 1:17-cv-08799 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Hon. John Robert Blakey |
| **GILLIAN FLYNN, PENGUIN RANDOM** | ) | |
| **HOUSE LLC d/b/a CROWN PUBLISHING** | ) | |
| **GROUP, ARNON MILCHAN, REGENCY** | ) | |
| **ENTERPRISES, INC., BRUNA** | ) | |
| **PAPANDREA, LAURA JEANNE REESE** | ) | |
| **WITHERSPOON, CEÁN CHAFFIN, TSG** | ) | |
| **ENTERTAINMENT FINANCE LLC,** | ) | |
| **JOSHUA DONEN, LESLIE DIXON,** | ) | |
| **ARTEMPLE-HOLLYWOOD LLC, NEW** | ) | |
| **REGENCY PRODUCTIONS, INC.,** | ) | |
| **TWENTIETH CENTURY FOX FILM** | ) | |
| **CORPORATION, AND DAVID FINCHER**, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TSG ENTERTAINMENT**
**FINANCE LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## **TABLE OF CONTENTS**

BACKGROUND ..................................................................................................................1

ARGUMENT .....................................................................................................................3

I.       TSG IS NOT SUBJECT TO GENERAL JURISDICTION IN ILLINOIS. ............4

II.      TSG IS NOT SUBJECT TO SPECIFIC JURISDICTION IN ILLINOIS...............5

      A.       TSG Has Not Purposefully Directed Its Activities at Illinois or
          Purposefully Availed Itself of the Privilege of Conducting Business in
          Illinois. .......................................................................................................6

      B.       Plaintiff's Alleged Injury Does Not Arise Out of TSG's Activities in
          Illinois. .......................................................................................................8

      C.       The Court's Exercise of Personal Jurisdiction Would Not Comport with
          Fair Play and Substantial Justice...............................................................9

CONCLUSION.................................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014)....................................................................................................4, 10

*Am. Bridal & Prom Indus. Ass'n, Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F. Supp. 3d 924 (N.D. Ill. 2016)............................................. 3-5

*Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691 (7th Cir.2003) ...........................................................................................................4, 5

*Bristol-Meyers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) .........................................4, 5

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)............................................................3, 5, 9

*Close v. New Line Cinema Corp.*, No. 94 CV 7109, 1994 WL 761025 (N.D. Ohio Sept. 12, 1994) .....................................................................................................7

*Colo'n v. Akil*, 449 F. App'x 511 (7th Cir. 2011) .........................................................................7

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2016) .........................................................................3, 5

*ESCO Corp. v. Cashman Equip. Co.*, 65 F. Supp. 3d 626 (C.D. Ill. 2014) ...................................4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ...................................4

*Horizon Comics Prod. v. Marvel Entm't, LLC*, No. 15-11684, 2016 WL 526145 (D. Mass. Feb. 9, 2016)..................................................................................................8

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)....................................................................3

*Johnson v. Melton Truck Lines, Inc.*, No. 14 C 07858, 2016 WL 8711494 (N.D. Ill. Sept. 30, 2016)................................................................................................4

*Levi v. Twentieth Century Fox Film Corp.*, No. 16-cv-129, 2017 WL 1227933 (E.D. Va. Mar. 30, 2017) ...........................................................................................7

*Marc Maghsoudi Enters., Inc. v. Tufenkian Imp./Exp. Ventures, Inc.*, No. 08 C 441, 2009 WL 3837455 (N.D. Ill. Nov. 16, 2009) .....................................................4

*Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440 (7th Cir. 2010)........................................................................3, 8

*N. Grain Mktg., LLC v. Greving*, 743 F.3d 487 (7th Cir. 2014) ....................................................6

*Palnik v. Westlake Entm't Inc.*, 344 F. App'x 249 (6th Cir. 2009)..............................................8, 9

*Rush v. Savchuk*, 444 U.S. 320 (1980)..........................................................................................4

*Walden v. Fiore*, 134 S. Ct. 1115 (2014).................................................................................5, 9

*Wiggen v. Wiggen*, 2011 IL App (2d) 100982 ...............................................................................3

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure Rule 12 .......................................................................................1

Plaintiff Leslie Weller, who is not from Illinois, improperly attempts to subject TSG Entertainment Finance LLC ("TSG")—a limited liability company formed in Delaware, with its only office in Nevada and with absolutely no contacts with Illinois—to jurisdiction in federal court in Illinois. As a co-financier of the film *Gone Girl*, which Plaintiff alleges infringes upon her work, TSG did not participate in any of the activities that are alleged to form the basis of Plaintiff's claim of vicarious copyright infringement. TSG's role in connection with providing co-financing for *Gone Girl* took place entirely outside of Illinois pursuant to an arrangement with Twentieth Century Fox Film Corporation ("Fox"), a corporation based in California. As explained below, and as confirmed by the allegations in the complaint and the concurrently-filed declaration, TSG does not have *any contacts* with Illinois in relation to *Gone Girl*, let alone sufficient contacts with Illinois to support the exercise of personal jurisdiction. Because there is no basis for this Court to exercise jurisdiction over TSG, it respectfully requests that the Court dismiss the claim against it for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1]

## BACKGROUND

This copyright infringement suit concerns the best-selling novel *Gone Girl*, published in 2012 and later adapted into the critically-acclaimed film that was released in 2014. (Dkt. 1, Compl. ¶ 1.) Plaintiff, a resident of Nevada (*id.* ¶ 4), sued the author of the book and screenplay, a resident of Illinois, and Fox, the movie studio that produced and distributed the film in the United States. (*Id.* ¶¶ 5, 15). In an apparent attempt to gain leverage, Plaintiff also sued TSG, as well as various producers of the film and the film's director who all reside outside of Illinois.

---

[1] Plaintiff's complaint should also be dismissed with prejudice for failure to state a claim for copyright infringement. TSG reserves its right to seek dismissal of the complaint on these grounds pursuant to Rule 12 of the Federal Rules of Civil Procedure.

(*Id.* ¶¶ 8-11, 13-14, 16-18.)[2]  In her complaint, Plaintiff alleges that she authored a screenplay, *Out of the Blue*, in 2005 and that the *Gone Girl* novel and film supposedly contain striking and substantial similarities to her screenplay.  (*Id.* ¶¶ 19, 44-45, 77.)

As to TSG, Plaintiff alleges that it was one of the producers of the film, but notably, she does not allege that it distributed the film.  (*Id.* ¶ 11.)  She instead alleges—correctly—that Fox is the distributor of the film.  (*Id.* ¶ 15.)  Plaintiff seeks to impose vicarious liability on TSG by generically alleging, without any supporting factual allegations, that TSG and the other film defendants "had the right and ability to supervise, control, or stop the infringing conduct . . . as it occurred over the course of the production and distribution" of the film.  (*Id.* ¶ 111.)  She further alleges that TSG had and continues to have a direct financial interest in the infringing conduct based upon the sales and licensing of the film.  (*Id.* ¶ 113.)

Plaintiff does not contend that any of the allegedly infringing conduct by TSG occurred in Illinois, nor does she contend that TSG conducted business in Illinois in connection with the film.  And she also does not allege that TSG was involved in any way with the sale or distribution of the film in Illinois or elsewhere.  Instead, as to TSG, the complaint merely contends that TSG is a Delaware limited liability company with its principal place of business in New York, New York and that TSG was one of the producers of the film *Gone Girl*.  (*Id.* ¶ 11.)  However, as noted above, TSG is a limited liability company formed in Delaware, whose sole office is in Nevada and whose members are domiciled in New York, and it merely provided co-financing for the film *Gone Girl*.  (Declaration of Robert Seelig ("Seelig Decl.") ¶¶ 2, 4.)

---

[2] Plaintiff also sued a visual effects company that worked on the film, erroneously calling it a producer.  (Compl. ¶ 12.)

**ARGUMENT**

Plaintiff's claim against TSG should be dismissed because TSG is not subject to jurisdiction in Illinois. This Court may exercise personal jurisdiction over a non-resident defendant only if an applicable state long-arm statute confers jurisdiction, and the assertion of that jurisdiction is consistent with the demands of the Fourteenth Amendment's due process clause. *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The Illinois "long-arm statute has been held to be coextensive with the due process requirements of the Illinois and United States Constitutions," and therefore, the two-step inquiry collapses into one: whether the exercise of personal jurisdiction over a defendant comports with constitutional due process. *Wiggen v. Wiggen*, 2011 IL App (2d) 100982, ¶ 21. Constitutional due process requires the court to determine whether the defendant has sufficient "minimum contacts" with Illinois such that the maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). "[I]t is unconstitutional to force a defendant to appear in a distant court unless it has done something that should make it 'reasonably anticipate being haled into court there.'" *Mobile Anesthesiologists*, 623 F.3d at 444 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

The law recognizes two types of personal jurisdiction. General jurisdiction requires that the defendant have "affiliations with the [forum] State [that] are so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2016) (internal quotation marks omitted). Specific jurisdiction requires that the plaintiff's claims arise out of the defendant's activities that were purposefully directed at the forum state. *Am. Bridal & Prom Indus. Ass'n, Inc. v. P'ships & Unincorporated Ass'ns*

*Identified on Schedule A*, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016) (Blakey, J.).  The plaintiff bears the burden of proving that jurisdiction over a defendant is proper.  *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799-800 (7th Cir. 2014).  In addition, the plaintiff must establish that the due process requirements for jurisdiction are met <u>as to each defendant individually</u>, *Bristol-Meyers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1783 (2017), and it is "not permissible to base personal jurisdiction on the defending parties' aggregate forum contacts."  *ESCO Corp. v. Cashman Equip. Co.*, 65 F. Supp. 3d 626, 631 (C.D. Ill. 2014) (citing *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980)).

Here, Plaintiff has not alleged the type of contacts necessary to justify this Court's exercise of either general or specific jurisdiction over TSG.  As established in TSG's declaration, it has no contacts with Illinois whatsoever.  Moreover, the jurisdictional allegations in the complaint, even if accepted as true, are insufficient as a matter of law to support either type of jurisdiction as to TSG.

## I.  TSG IS NOT SUBJECT TO GENERAL JURISDICTION IN ILLINOIS.

General jurisdiction requires a defendant to be a citizen of the forum state or have contacts that are so "continuous and systematic" with the forum state that, for all intents and purposes, they are at home in that state.  *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *Johnson v. Melton Truck Lines, Inc.*, No. 14 C 07858, 2016 WL 8711494, at *3 (N.D. Ill. Sept. 30, 2016).  "For purposes of determining personal jurisdiction . . . the Seventh Circuit held that an LLC is a citizen 'of every state of which any member is a citizen.'"  *Marc Maghsoudi Enters., Inc. v. Tufenkian Imp./Exp. Ventures, Inc.*, No. 08 C 441, 2009 WL 3837455, at *3 (N.D. Ill. Nov. 16, 2009) (quoting *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir.2003)).  General jurisdiction is manifestly lacking as to TSG.  No member of TSG is a citizen of Illinois.  (Seelig Decl. ¶ 2.)

Moreover, Plaintiff has conceded that TSG's principal place of business is not in Illinois. (Compl. ¶ 11 [alleging that TSG's principal place of business is in New York].)  And, as detailed in TSG's supporting declaration, TSG does not conduct any business in Illinois, own any property in Illinois, or have any employees or independent contractors in Illinois.  (Seelig Decl. ¶ 3.)  Nor does it have an address, phone number, or bank account in Illinois.  (*Id.*)  Because none of its members are citizens of Illinois, and TSG has no affiliations with Illinois, it cannot be "at home" there.  *Daimler AG*, 134 S. Ct. at 760; *Belleville*, 350 F.3d at 692.

## II.    TSG IS NOT SUBJECT TO SPECIFIC JURISDICTION IN ILLINOIS.

Where a defendant's contacts are insufficient to establish general jurisdiction, a court may consider whether it can exercise "specific" personal jurisdiction with respect to a claim that arises out of or relates to the defendant's contacts with the forum.  *Bristol-Meyers Squibb*, 137 S. Ct. at 1780.  The inquiry focuses on "the relationship among the defendant, the forum, and the litigation."  *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (internal quotation marks omitted) (finding no personal jurisdiction where the defendant "never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone" to the forum state).  Specific jurisdiction is "case-specific" and exists "where the defendant has 'purposefully directed' its activities at residents of the forum state and where the plaintiff's claim is 'linked to the [defendant's] activities or contacts with' Illinois."  *Am. Bridal*, 192 F. Supp. 3d at 931 (quoting *Burger King*, 471 U.S. at 472-73).

The Seventh Circuit has promulgated a three-part test for when a court may exercise specific personal jurisdiction: "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities . . . [and (3)] [t]he exercise of specific jurisdiction must also comport with traditional notions of fair play and

substantial justice." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (citations omitted). Plaintiffs must prevail on each prong. *See id*. Here, Plaintiff cannot, as a matter of law, satisfy *any* prong of this test, let alone all three, because the activities from which Plaintiff's claims arise as to TSG—namely, acting as a co-financier of the film *Gone Girl*— occurred entirely outside of Illinois pursuant to an arrangement with Fox, a corporation with its principal place of business in California.

> **A.** **TSG Has Not Purposefully Directed Its Activities at Illinois or Purposefully Availed Itself of the Privilege of Conducting Business in Illinois.**

Plaintiff alleges that TSG was one of the film's many "producers" and that it "continues to have a direct financial interest" in the film based upon the sales and licensing of it. (Compl. ¶¶ 11, 113.) But those allegations fall far short of demonstrating that TSG "purposefully availed" itself of the privilege of conducting business in Illinois. Indeed, TSG has not had *any* contacts with Illinois: it does not conduct any business in Illinois; it has no employees or independent contractors in Illinois; and it owns no property in Illinois. (Seelig Decl. ¶ 3.) TSG has no address, phone number, or bank accounts there either. (*Id.*)

Moreover, as set forth in the supporting declaration, TSG's role with respect to the film was limited; it provided a portion of the financing for *Gone Girl*, but it was not actively involved in, and made no creative contributions to, the production of the film. (*Id.* ¶ 4.) In its role as a co-financier of the film, TSG did not conduct any business in Illinois. (*Id.* ¶ 5.) In particular, TSG did not hire or employ anyone from Illinois nor did it enter into any contracts with Illinois companies or residents. (*Id.*) Further, no employee, member, or manager of TSG ever traveled to Illinois or communicated with anyone in Illinois in connection with the film. (*Id.*) TSG also did not solicit or obtain any funding for *Gone Girl* from anyone in Illinois. (*Id.*)

Plaintiff's hollow and conclusory allegations as to TSG's work on the film are entirely

insufficient to support the Court's exercise of specific jurisdiction. Merely naming someone as a producer does not subject that person to the jurisdiction of every federal court in each state where the work is exhibited. For example, in *Colo'n v. Akil*, 449 F. App'x 511 (7th Cir. 2011), a television writer living in Indiana filed a copyright action in the Southern District of Indiana, alleging that a television episode produced by the defendants infringed the copyright in her unpublished script. *Id.* at 512. The district court dismissed the suit against five of the defendants for lack of personal jurisdiction; on appeal, the Seventh Circuit affirmed. *Id.* In so doing, the Seventh Circuit reasoned that the plaintiff had failed to show that the defendant producers "intentionally aimed their conduct at [the forum state] because she submitted no evidence that any of the defendants had anything to do with the [forum state's] broadcast" of the allegedly infringing television episode. *Id.* at 514. Similarly, Plaintiff here also cannot make such a showing, as there is no allegation—let alone evidence—that TSG aimed its conduct at Illinois. *See also Levi v. Twentieth Century Fox Film Corp.*, No. 16-cv-129, 2017 WL 1227933, at *4, 6 (E.D. Va. Mar. 30, 2017) (alleging a defendant is a "producer" or "director" of a nationally distributed television series was not enough to show defendants purposefully availed themselves of the privilege of conducting activities in the forum).

Further, allegations that a producer merely profited from a film that was exhibited in a forum are not sufficient to establish the existence of specific personal jurisdiction. *See Close v. New Line Cinema Corp.*, No. 94 CV 7109, 1994 WL 761025, at *1-2 (N.D. Ohio Sept. 12, 1994) (declining to exercise jurisdiction even where plaintiff alleged that the defendants, including a movie producer, "derived substantial revenue from goods used or consumed or services rendered in [the forum state]"). Plaintiff simply cannot establish that TSG, whose role was to provide a portion of the financing for the film, purposefully directed its activities at Illinois or purposefully

7

availed itself of the privilege of conducting business in Illinois. *Mobile Anesthesiologists*, 623 F.3d at 443.

> **B.      Plaintiff's Alleged Injury Does Not Arise Out of TSG's Activities in Illinois.**

Plaintiff has also not included any facts establishing the alleged injury arose from TSG's forum-related activities in Illinois. Nor could she. TSG did not render any services with respect to the film *Gone Girl* in Illinois. (Seelig Decl. ¶ 5.) And, as noted above, TSG did not enter into any agreements related to the film in Illinois, and it did not contact or communicate with anyone in Illinois regarding *Gone Girl*. (*Id.*)

TSG also had no role whatsoever with respect to the distribution of the film (*id*. ¶ 6), which Plaintiff concedes. (Compl.¶¶ 11, 15 [alleging Fox, not TSG, distributed *Gone Girl*].) TSG does not own any distribution rights for *Gone Girl*, and it has never overseen or supervised the film's distribution, which was instead handled by Fox.[3] (Seelig Decl. ¶ 6; *see also* Compl. ¶¶ 87, 91, 95, 96.) Further, TSG has not had any decision-making authority relating to the distribution of *Gone Girl* nationally and/or in Illinois. (Seelig Decl. ¶ 6.) It also did not possess the authority to supervise, control, or shut down production or distribution of the film. (*Id.*)

Courts have repeatedly recognized that producers who do not participate in the distribution of films are not subject to personal jurisdiction. *See, e.g.*, *Horizon Comics Prod. v. Marvel Entm't, LLC*, No. 15-11684, 2016 WL 526145, at *1, 5 (D. Mass. Feb. 9, 2016) (declining to exercise personal jurisdiction over producers and copyright owners who did not participate in the national distribution of a film). In one case, *Palnik v. Westlake Entertainment Inc.*, 344 F. App'x 249 (6th Cir. 2009), the Sixth Circuit affirmed the district court's dismissal of

---

[3] As set forth in the supporting declaration, TSG is not Fox's principal, nor is Fox TSG's agent. (Seelig Decl. ¶ 7.)

a lawsuit brought by a singer against the producers of a movie that allegedly played two of his copyrighted songs without permission. *Id.* at 253-54. In finding that the district court properly dismissed the suit for lack of personal jurisdiction, the court observed that producers "do[] not necessarily own the distribution rights or control over how distribution is accomplished." *Id.* at 252. Here, Plaintiff has not alleged (nor could she) that her purported injury arose from TSG's contacts with Illinois. *See Walden*, 134 S. Ct. at 1122 (explaining that to support a finding of specific jurisdiction, the relationship between a defendant's suit-related conduct and the forum "must arise out of contacts that the 'defendant *himself*' creates with the forum state" (quoting *Burger King*, 471 U.S. at 475)).

### C. The Court's Exercise of Personal Jurisdiction Would Not Comport with Fair Play and Substantial Justice.

Lastly, finding personal jurisdiction here would not comport with traditional notions of fair play and substantial justice. In assessing this requirement, courts consider various factors, including "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Burger King*, 471 U.S. at 477 (internal quotation marks omitted). Here, each of these factors weighs heavily against this Court's assertion of jurisdiction over TSG. First, TSG's sole office is in Las Vegas, Nevada, and its members are domiciled in New York, and it would be burdened by having to travel to Illinois for depositions, hearings, or trial. Second, Plaintiff's interest in obtaining effective relief will remain intact because Fox (the film's distributor) and the author of *Gone Girl* (allegedly an Illinois resident) will presumably not challenge this Court's personal jurisdiction. Third, there is nothing "efficient" about subjecting all of a film's individual producers who reside outside of

9

Illinois to a lawsuit in a foreign state when the movie studio that actually distributed the film is also a named defendant. Fourth, it would offend "traditional notions of fair play and substantial justice" to hale TSG into an Illinois court when there is nothing about its involvement with *Gone Girl* that could have reasonably put TSG on notice that it could be sued in Illinois. *See Advanced Tactical Ordnance Sys.*, 751 F.3d at 803.

## CONCLUSION

Plaintiff's claim against TSG should be dismissed.

Dated: January 16, 2018

Respectfully submitted,

TSG ENTERTAINMENT FINANCE LLC

By: _____/s/ Richard L. Stone_____

JENNER & BLOCK LLP
Richard L. Stone (*pro hac vice*)
David R. Singer (*pro hac vice*)
Andrew G. Sullivan (*pro hac vice*)
633 West 5th Street
Suite 3600
Los Angeles, California 90071
Tel: (213) 239-2203
Fax: (213) 239-5199

Ashley M. Schumacher
Laura L. Norris
353 North Clark Street
Chicago, Illinois 60654
Tel: (312) 840-8672
Fax: (312) 840-7776

*Attorneys for Defendant TSG Entertainment Finance LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5 and Northern District of Illinois Local Rule 5.5, the undersigned, an attorney of record in this case, hereby certifies that on January 16, 2018, a true and correct copy of **Defendant TSG Entertainment Finance LLC's Memorandum of Law in Support of Its Motion to Dismiss** was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

Dated: January 16, 2018         By:      _____/s/ Ashley M. Schumacher_____
                                                  Ashley M. Schumacher
                                                  JENNER & BLOCK LLP
                                                  353 North Clark Street
                                                  Chicago, Illinois 60654
                                                  Tel: (312) 840-8672

                                                  *Attorney for Defendant TSG*
                                                  *Entertainment Finance LLC*