## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **LESLIE WELLER**, ) | |
| ) | Case No. 1:17-cv-08799 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Hon. John Robert Blakey |
| **GILLIAN FLYNN, PENGUIN RANDOM** ) | |
| **HOUSE LLC d/b/a CROWN PUBLISHING** ) | |
| **GROUP, ARNON MILCHAN, REGENCY** ) | |
| **ENTERPRISES, INC., BRUNA** ) | |
| **PAPANDREA, LAURA JEANNE REESE** ) | |
| **WITHERSPOON, CEÁN CHAFFIN, TSG** ) | |
| **ENTERTAINMENT FINANCE LLC,** ) | |
| **JOSHUA DONEN, LESLIE DIXON,** ) | |
| **ARTEMPLE-HOLLYWOOD LLC, NEW** ) | |
| **REGENCY PRODUCTIONS, INC.,** ) | |
| **TWENTIETH CENTURY FOX FILM** ) | |
| **CORPORATION, AND DAVID FINCHER**, ) | |
| ) | |
| Defendants. ) | |

### JOINT MOTION TO STAY THE PARTIES' DISCOVERY OBLIGATIONS UNDER THE MANDATORY INITIAL DISCOVERY PILOT PROJECT

Plaintiff Leslie Weller and Defendants Joshua Donen, TSG Entertainment Finance LLC

("TSG"), Twentieth Century Fox Film Corporation ("Fox"), Gillian Flynn, and Penguin Random

House LLC d/b/a Crown Publishing Group ("PRH") – constituting all defendants who have

made an appearance in this case – (together with Plaintiff, the "Requesting Parties"), respectively

request that this Court stay the discovery deadlines set forth under the Mandatory Initial

Discovery Pilot ("MIDP") Project, including the deadline to serve initial discovery responses and

produce electronically-stored information ("ESI"), until after the Court rules on the defendants

Donen's and TSG's pending motions to dismiss for lack of personal jurisdiction, and Fox's

pending motion to dismiss for failure to state a claim (in which Donen and TSG have joined), as

well as Flynn and PRH's anticipated motions to dismiss for failure to state a claim and the

anticipated motions to dismiss for lack of personal jurisdiction that six or more of the remaining defendants are expected to file.  Both sides believe that the proposed stay will be the most efficient manner of handling this matter and save the parties unnecessary costs.  In support of this motion, the Requesting Parties state as follows:

1.     On December 6, 2017, Plaintiff filed this action for copyright infringement against Flynn, PRH, Fox, Donen, TSG, and a number of other defendants—who have yet to appear before this Court—in connection with the novel and screenplay *Gone Girl*, which was later adapted into the film *Gone Girl*.  (Dkt. 1.)  The Complaint alleges that Plaintiff is the author of a dramatic work titled *Out of the Blue*, and that Flynn copied her work.  More specifically, the Complaint claims that Flynn had access to Plaintiff's work, and that the novel and screenplay of *Gone Girl* are substantially similar to *Out of the Blue*.

2.     This case is subject to the MIDP Project (Dkt. 6), which requires the parties to serve initial discovery responses within thirty (30) days of a responsive pleading and to produce ESI within forty (40) days after serving initial responses.  (Standing Order Regarding Mandatory Initial Discovery Project, ¶¶ A(4), C(2)(c).)

3.     On January 12, 2018, Donen, who had been served on December 22, 2017, filed a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) (Dkt. 21), as well as an answer (Dkt. 24).

4.     That same day, January 12, 2018, Flynn and PRH requested an extension of time to respond to Plaintiff's complaint to February 7, 2018.  (Dkt. 17.)  Flynn and PRH's motion for an extension stated that they intend to file motions to dismiss Plaintiff's copyright infringement complaint pursuant to Fed. R. Civ. P. 12(b)(6), on the ground, *inter alia*, that the Plaintiff's

screenplay *Out of the Blue* and *Gone Girl* are not substantially similar. The Court granted the request for an extension on January 16, 2018. (Dkt. 28.)

5.    On January 16, 2018, TSG, which had been served on December 26, 2017, filed a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) (Dkt. 35) and an answer (Dkt. 38), as also required under the MIDP. TSG noticed the motion to dismiss for January 25, 2018. (Dkt. 37.)

6.    On January 17, 2018, Fox, which had been served on December 27, 2017, filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 39),[1] as well as its answer to the complaint (Dkt. 44). Fox also noticed its motion to dismiss for January 25, 2018. (Dkt. 42.) Donen and TSG have already joined in Fox's motion, and the remaining film-related defendants are expected to join as well.

7.    This Court ordered Plaintiff to be prepared to make an election for TSG and Fox at the January 25, 2018 hearing and for Donen at the February 15, 2018 status hearing as to whether she would (a) amend the complaint or (b) stand on it and proceed with briefing on the motions. (Dkt. 28, 45.)

8.    An initial status hearing is set for February 15, 2018. (Dkt. 28.)

9.    Donen, TSG, and Fox are all represented by counsel at Jenner & Block LLP ("Jenner"). (Dkts. 7-8, 19-20, 29-33.) Defendants Bruna Papandrea, Laura Jeanne Reese Witherspoon, Ceán Chaffin, New Regency Productions, Inc. ("New Regency"), and David Fincher—who are all related to the film *Gone Girl*—have yet to appear in this case, but counsel at Jenner will also be representing each of these defendants. Each of these film-related

---

[1] On January 19, 2018, TSG and Donen filed a notice of joinder to Fox's motion to dismiss. (Dkts. 46-47.)

defendants intend to file Rule 12 motions to dismiss for lack of personal jurisdiction and/or join in Fox's pending motion to dismiss for failure to state a claim on or before February 2, 2018. Defendant Arnon Milchan will also be represented by Jenner and anticipates filing a Rule 12 motion to dismiss for lack of personal jurisdiction (and to join in Fox's motion to dismiss) on or before February 9, 2018.[2]

10.     As detailed above, the 12 defendants who have been sued in connection with the *Gone Girl* novel and film have, and will continue to have, various response deadlines, given their different dates of effective service.

11.     Moreover, there are currently three motions to dismiss pending, including two filed by Donen and TSG which dispute the Court's jurisdiction over them.  Donen and TSG have also joined in Fox's motion to dismiss for failure to state a claim.  As also noted above, defendants Flynn and PRH intend to file motions to dismiss for failure to state a claim, and defendants Papandrea, Witherspoon, Chaffin, New Regency, Fincher, and Milchan, likewise intend to file Rule 12 motions challenging personal jurisdiction and/or the substantive allegations in the complaint.  To the extent any of these motions are successful (including Fox's pending Rule 12(b)(6) motion), discovery will be rendered unnecessary as to some or all of the parties.

12.     Counsel have been meeting and conferring on these issues, including whether some of the motions can be resolved without the need for Court intervention (i.e., by dismissing some of the defendants without prejudice).  On or before January 25, 2017, plaintiff will elect whether she will amend her complaint or oppose TSG's, Donen's and/or Fox's pending motions

---

[2] Defendant Leslie Dixon has not been served, though Jenner has made efforts to contact her.  As to the remaining defendant sued in connection with the film—Regency Enterprises, Inc.—Jenner informed Plaintiff's counsel that the entity has no affiliation with defendant New Regency (and no connection to the film).  Plaintiff is considering whether to dismiss that defendant without prejudice.

to dismiss. On or before February 15, 2017, plaintiff will have elected whether she will amend her complaint or oppose each of the remaining motions to dismiss referenced above.

13.     Accordingly, the Requesting Parties have a good faith basis for seeking a stay of all discovery, including MIDP discovery, pending resolution of the many defendants' motions to dismiss. Given the variations in response deadlines, the fact that seven (7) of the film-related defendants have not yet appeared, and the pendency of multiple motions to dismiss (including anticipated motions to dismiss that will be filed at a later date), the Requesting Parties believe that staying their discovery obligations under the MIDP will streamline the proceedings and decrease costs for all parties. Courts in the Seventh Circuit routinely decide the issue of substantial similarity between two works on a motion to dismiss based upon a comparison of the works at issue, so discovery at this stage may well be an unnecessary expenditure of significant time and money for both the plaintiff and the defendants. If the substantive motions to dismiss are granted, the entire case will be dismissed and there will be no need for discovery at all.     Further, multiple defendants have filed or intend to file motions to dismiss for lack of personal jurisdiction, and requiring them to participate in discovery at this time when they may not be subject to this Court's jurisdiction would be unfair and burdensome.

14.     By staying all parties' obligations under the MIDP until after the Court has ruled on defendants' motions to dismiss, the parties can proceed on a consolidated schedule (as necessary), which will conserve judicial resources and promote efficiency. A consolidated MIDP schedule would be especially beneficial given that the interests of the various defendants align as to the film and screenplay for *Gone Girl*, as well as the novel.

15.     This motion is made in good faith and not for purposes of delay.

WHEREFORE, for the foregoing reasons, the Requesting Parties respectfully request that this Court grant their motion and enter an order staying all parties' obligations under the MIDP pending resolution of the defendants' motions to dismiss.

Dated: January 23, 2018

LESLIE WELLER

By:     /s/ Adam E. Urbanczyk

ZILIAK LAW, LLC
Adam E. Urbanczyk
141 W. Jackson Blvd.
Suite 4048
Chicago, Illinois 60605
Tel: (312) 667-4553

*Attorney for Plaintiff Leslie Weller*

GILLIAN FLYNN AND PENGUIN
RANDOM HOUSE LLC d/b/a CROWN
PUBLISHING GROUP

By:     /s/ Kevin Tottis

TOTTISLAW
Kevin Tottis
Monica L. Thompson
Rachel M. Vorbeck
One East Wacker Drive
Suite 1205
Chicago, Illinois 60605
Tel: (312) 527-1400
Fax: (312) 589-7192

DAVIS WRIGHT TREMAINE LLP
Linda J. Steinman (*pro hac vice*)
Jeremy Chase (*pro hac vice*)
1251 Avenue of the Americas
21st Floor
New York, New York 10020
Tel: (212) 489-8230
Fax (212) 489-8340

*Attorney for Defendants Gillian Flynn
and Penguin Random House LLC d/b/a
Crown Publishing Group*

Respectfully submitted

JOSHUA DONEN, TSG ENTERTAINMENT
FINANCE LLC, AND TWENTIETH
CENTURY FOX FILM CORPORATION

By:     /s/ Richard L. Stone

JENNER & BLOCK LLP
Richard L. Stone (*pro hac vice*)
David R. Singer (*pro hac vice*)
Andrew G. Sullivan (*pro hac vice*)
633 West 5th Street
Suite 3600
Los Angeles, California 90071
Tel: (213) 239-2203
Fax: (213) 239-5199

Ashley M. Schumacher
Laura L. Norris
353 North Clark Street
Chicago, Illinois 60654
Tel: (312) 840-8672
Fax: (312) 840-7776

*Attorneys for Defendants Joshua Donen, TSG
Entertainment Finance LLC, and Twentieth
Century Fox Film Corporation*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5 and Northern District of Illinois Local Rule 5.5, the undersigned, an attorney of record in this case, hereby certifies that on January 23, 2018, a true and correct copy of **Joint Motion to Stay the Parties' Discovery Obligations under the Mandatory Initial Discovery Pilot Project** was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

Dated:  January 23, 2018

By:  _____ /s/ Ashley M. Schumacher _____
Ashley M. Schumacher
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Tel: (312) 840-8672

*Attorney for Defendants Joshua Donen,*
*TSG Entertainment Finance LLC, and*
*Twentieth Century Fox Film Corporation*