**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LESLIE WELLER**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**GILLIAN FLYNN, PENGUIN RANDOM** )<br>**HOUSE LLC d/b/a CROWN PUBLISHING** )<br>**GROUP, BRUNA PAPANDREA, LAURA** )<br>**JEANNE REESE WITHERSPOON, LESLIE** )<br>**DIXON, TWENTIETH CENTURY FOX** )<br>**FILM CORPORATION, AND DAVID** )<br>**FINCHER**, )<br>)<br>Defendants. ) | Case No. 1:17-cv-08799<br><br>Hon. John Robert Blakey |

## DECLARATION OF BRUNA PAPANDREA

I, Bruna Papandrea, declare as follows:

1.      I provide this declaration in support of my motion to dismiss the complaint in this action.  I have personal knowledge of the facts set forth herein, and if called as a witness, I would testify competently to those facts.

2.      I am a resident of Los Angeles, California.  I have never lived in the State of Illinois.  I have no address, phone number, or bank accounts in Illinois.  I have not traveled to Illinois in the past seven years.  I do not own any property or other assets in Illinois, and I have no ownership interest in any business enterprise based in Illinois or incorporated in Illinois.  I also do not conduct any business in Illinois.

3.      I am a film producer based in Los Angeles, California.  In 2012, my former

business partner, Reese Witherspoon read a pre-publication copy of Gillian Flynn's novel, *Gone*

*Girl* at the recommendation of screenwriter Leslie Dixon.  After reading the novel,

Ms. Witherspoon and I contacted Flynn with an interest in making her novel into a movie.  I

began working with Ms. Witherspoon to help Flynn find a studio to produce the film.  We had

proposed Ms. Dixon to develop the screenplay.  I never visited Flynn in Illinois; we merely

spoke by phone or in person in Los Angeles.

4.      Subsequently, and without my involvement, Twentieth Century Fox Film

Corporation ("Fox") reached out to Flynn directly and entered into an agreement to obtain the

film rights to Flynn's novel.  I was not involved in the negotiations or agreement between Fox

and Flynn to option the rights to Fox to make the novel *Gone Girl* into a film.  After Fox and

Flynn reached an agreement to option the rights to make the novel into a film, Dixon,

Witherspoon, and I entered into a separate agreement with Fox to compensate us for the time and

effort we had already invested.  This included producer credits on the film should it be made.

My agreement with Fox was negotiated outside of Illinois.  Fox ultimately chose to have Flynn

write the screenplay instead of Dixon.

5.      I was not involved in writing the *Gone Girl* screenplay and made no creative

contributions to the storyline depicted in the *Gone Girl* film.  After Fox acquired the film rights

to *Gone Girl*, any limited involvement that I had with the film took place outside of Illinois.  In

connection with my work on the film *Gone Girl*, I never visited Illinois.  I did not transact any

business with anyone in Illinois or enter into contracts with anyone in Illinois in connection with

the production and/or distribution of the film *Gone Girl*. I never hired or employed anyone in

Illinois.

6.    I have never done, requested, or paid for any advertising or marketing of *Gone Girl* in the State of Illinois.

7.    I do not own any distribution rights for the film *Gone Girl*. I have never overseen or supervised the distribution of the film *Gone Girl*. I do not have any decision-making authority over decisions to distribute *Gone Girl* nationally and/or in Illinois. Fox is the distributor of the film *Gone Girl* within the United States. In my role as a producer, I did not have the authority to supervise, control or shut down production or distribution of the *Gone Girl* film.

8.    I am not Fox's principal, nor is Fox my agent.

9.    I do not know, nor have I ever met, plaintiff Leslie Weller. I have never read any version of the screenplay purportedly written by plaintiff Weller, entitled *Out of the Blue*. I have never read any other screenplay or script written by Weller.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of February, 2018 at Santa Monica, CA

_____
BRUNA PAPANDREA